IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| **CONNIE MCHUGH AND GILBERT FALLEN** | **CIVIL ACTION NO. 3:18-1012** |
| vs. | **JURY TRIAL DEMANDED** |
| **VERTICAL PARTNERS WEST, LLC D/B/A VENOM GROUP INTERNATIONAL** | |

## DEFENDANT, VERTICAL PARTNERS WEST, LLC D/B/A VENOM GROUP INTERNATIONAL'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Vertical Partners West, LLC d/b/a Venom Group International (hereinafter "Answering Defendant"), by and through its counsel, Reilly, McDevitt & Henrich, P.C., hereby files its Answer to Plaintiffs' Amended Complaint, and avers as follows:

### PARTIES

1. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

2. Admitted.

3. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a

belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

   4.  This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

   5.  This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

## FACTUAL BACKGROUND

   6.  Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

   7.  Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

   8.  Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

   9.  Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a

belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

10. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. VENOM

11. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

12. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

13. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

14. (a)-(h) Denied. Each and every one of the averments and sub-averments of this paragraph are denied as wholly untrue and lack any foundation either in law or in fact. By way of further response, the averments of Defendant's Affirmative Defenses to

Plaintiff's Complaint are incorporated herein and made a part hereof by this reference. Finally, some or all of the averments contained herein constitute conclusions of law to which no response is required. Strict proof is demanded at the time of trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

16. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

17. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

## COUNT II – BREACH OF WARRANTY
## PLAINTIFF V. VENOM

18. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

19. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

20. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

21. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

22. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

23. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

24. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

## COUNT III – STRICT LIABILITY
## PLAINTIFF V. VENOM

25. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

26. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

27. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable

investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

28. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

29. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

30. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

31. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

32. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

33. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

34. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

35. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

36. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a

belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

37. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

38. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore, denies same and demands strict proof thereof at trial.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

### COUNT IV – NEGLIGENCE
### PLAINTIFF V. YUNTONG

39. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

40. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

41. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

42. (a) – (h).  These averments refer to Defendants other than Answering Defendant and therefore no answer is required.

43. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

44. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

45. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

## COUNT V – BREACH OF WARRANTY
## PLAINTIFF V. YUNTONG

46. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

47. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

48. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

49. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

50. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

51. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

52. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

### COUNT VI – STRICT LIABILITY
### PLAINTIFF V. YUNTONG

53. Answering Defendant incorporates by reference its answers to all previous allegations in all previous counts as though same were fully set forth herein at length.

54. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

55. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

56. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

57. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

58. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

59. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

60. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

61. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

62. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

63. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

64. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

65. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

66. This averment refers to Defendants other than Answering Defendant and therefore no answer is required.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate.

## **CROSS-CLAIMS DIRECTED TO CO-DEFENDANTS**

If the allegations in Plaintiff's Complaint are true and correct, which allegations are hereby denied, then all Defendants including Defendants, Yuntong Power Co., LTD a.k.a. Zhongshan Electric Win Technology Co., LTD., are solely liable, jointly and severally liable to Plaintiff and/or liable over to Defendant, Vertical Partners West, LLC

d/b/a Venom Group International, on Plaintiff's cause of action.  There is no liability on the part of Defendant, Vertical Partners West, LLC d/b/a Venom Group International.

**WHEREFORE,** Answering Defendant, Vertical Partners West, LLC d/b/a Venom Group International, respectfully requests that judgment against all Defendants, including Defendant, Yuntong Power Co., LTD a.k.a. Zhongshan Electric Win Technology Co., LTD., who are solely liable, jointly and severally liable and/or liable over to Answering Defendant, Vertical Partners West, LLC d/b/a Venom Group International, for contribution and/or indemnity on Plaintiff s cause of action. It is expressly denied that Defendant, Vertical Partners West, LLC d/b/a Venom Group International, has any liability on Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer, Answering Defendant asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred because it fails to state any claim or cause of action against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint may be barred by applicable statute of limitations and/or statute of repose and by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join all necessary and/or indispensable parties in this action as required by law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of statutory and/or common law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of the doctrine of superseding and/or intervening cause.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims involve any negligence on the part of Answering Defendant, such claims are barred in whole or in part because the alleged damages, if any, were caused solely by the negligence of Plaintiffs, additional defendants and/or others.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs, or others, for whose conduct Answering Defendant is/was not responsible. Accordingly, Answering Defendant is entitled to an assessment of the relative degree of fault for all such other persons and entities.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as averred in the Complaint, which averments are denied, then any and all such injuries and/or damages were caused by persons and/or entities over whom Defendant had neither control nor the duty to control, thereby relieving Answering Defendant from any liability whatsoever.

## NINTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by the Plaintiff was the primary or superseding fault of parties other than Answering Defendant and therefore claims for contribution

and/or indemnity are barred as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate those damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be diminished, reduced, or set off by the amount paid to Plaintiffs by any party or non-party with whom Plaintiffs have settled or may settle and by the amount of liability or fault properly attributed to other parties or non-parties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred and/or limited by facts and evidence which will become apparent during discovery and the Answering Defendant specifically reserves its right to amend its affirmative defenses at a later date and time prior to the trial upon reasonable notice to all parties of record.

## THIRTEENTH AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of its legal, contractual, and equitable rights, Answering Defendant reserves the right to amend and/or supplement the averments of the Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through investigation and discovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims assumed the risk of all damages which limits and/or bars all claims.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by contributory negligence and/or the Comparative Negligence Statute.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the Court lacks jurisdiction over this law suit.

### **SEVENTEETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to insufficient service of process.

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of an expressed or implied contract and/or release.

### **NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of the doctrine of impossibility of performance.

### **TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of improper venue.

### **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of the doctrine of single controversy, merger and bar, *res judicata* and/or collateral estoppel.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

**WHEREFORE**, Defendant, Vertical Partners West, LLC d/b/a Venom Group International, demands judgment in its favor and against Plaintiff with an award of and attorney's fees this Honorable Court deems appropriate. Further, Vertical Partners West, LLC d/b/a Venom Group International reserves the right to supplement these averments and affirmative defenses up to and at the time of trial.

## DEMAND FOR JURY

Defendant hereby demands a Trial by Jury.

                          **REILLY, MCDEVITT & HENRICH, P.C.**

                          By: ___/s/ *Nicole Jensen*___
                                Nicole A. Jensen, Esquire
                                Identification No. 323110
                                The Widener Building, Suite 410
                                One S. Penn Square
                                Philadelphia, PA 19107
                                Phone: (215) 972-5200
                                Fax: (215) 972-0405
                                Email: njensen@rmh-law.com
                                Attorney for Defendant,
                                Vertical Partners West, LLC d/b/a
                                Venom Group International

Date: November 1, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONNIE MCHUGH AND GILBERT FALLEN**<br><br>vs.<br><br>**VERTICAL PARTNERS WEST, LLC D/B/A VENOM GROUP INTERNATIONAL** | |

## CERTIFICATE OF SERVICE

I, Nicole A. Jensen, Esquire, attorney for Defendant, Vertical Partners West, LLC d/b/a Venom Group International, hereby certify that a true and correct copy of its Answer to Plaintiffs' Amended Complaint was served upon counsel of record listed below via the Court's Electronic Filing System:

Jesse M. Cohen, Esquire
Sacks Weston Diamond, LLC
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
*Counsel for Plaintiff*

                                      **REILLY, MCDEVITT & HENRICH, P.C.**

                                      By:   /s/ *Nicole Jensen*
                                           Nicole A. Jensen, Esquire
                                           Identification No. 323110
                                           The Widener Building, Suite 410
                                           One S. Penn Square
                                           Philadelphia, PA 19107
                                           Phone: (215) 972-5200
                                           Fax: (215) 972-0405
                                           Email: njensen@rmh-law.com
                                           Attorney for Defendant,
                                           Vertical Partners West, LLC d/b/a
                                           Venom Group International

Date: <u>November 1, 2018</u>